UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN SILVIS,

       Plaintiff,

                                         File No. 1:13-CV-1159

v.

                                         HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING REPORT AND RECOMMENDATION</u>**

This is a social security review action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The matter was referred to Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("R&R") on February 10, 2015, recommending that this Court affirm the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits. (ECF No. 17.) The matter is presently before the Court on Plaintiff's objections to the R&R. (R&R 18.) In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Plaintiff identifies numerous topics contained within the decision of the Administrative Law Judge ("ALJ") and then objects to the R&R for not correcting the problems with the ALJ's decision. The Court overrules the objections and issues this Opinion and Order.

The Magistrate Judge concluded that the ALJ properly discounted Plaintiff's subjective allegations. Plaintiff objects that the Magistrate Judge erred in her reliance on *Workman v. CSS*, 105 F. App'x 794 (6th Cir. 2004), and that the ALJ should not have rejected Plaintiff's complaints absent some contradiction. The Magistrate Judge did not err in her reliance on the *Duncan* standard, as articulated by the Sixth Circuit Court of Appeals in *Workman*, which sets forth the correct standard in this Circuit for evaluating subjective allegations about pain or other symptoms. *See Bailey v. CSS*, 623 F. Supp. 2d 889, 896-97 (W.D. Mich. 2009); *Wood v. CSS*, 1:12-cv-351, ECF No. 21 (W.D. Mich. Jan. 15, 2015) (Maloney, C.J.). Because the Magistrate Judge properly analyzed the ALJ's findings under the correct legal standard, this objection is overruled.

The Magistrate Judge concluded that the ALJ's credibility determinations were supported by substantial evidence. Plaintiff objects that the Magistrate Judge attempted to reform the ALJ's decision by providing reasons on which the ALJ himself did not rely. Plaintiff also objects to the ALJ's credibility determination for the same reasons articulated in his initial brief. However, the Magistrate Judge did not introduce new reasons to the ALJ's

analysis. The Magistrate Judge referred to the ALJ's reliance on the testimony of Dr. Kilpatrick (Decision 7-8), Dr. Freimark (*Id*. at 11-12), and Dr. Moulton (*Id*. at 24 ("He reported he was doing quite well.")), which contradicted the Plaintiff's testimony as to the severity of his impairment, so as to demonstrate the existence of substantial evidence to support the ALJ's credibility determination. This objection is overruled because the Magistrate Judge did not "reform" the ALJ's reasons.

Plaintiff repeats numerous arguments originally presented in his initial brief. These arguments are not directed to any specific portion of the R&R or the Magistrate Judge's conclusions. Upon de novo review of the relevant portions of the ALJ's decision, the Court agrees with the Magistrate Judge's conclusion that the ALJ's credibility determinations were supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 10, 2015, R&R (ECF No. 17) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

Date:  <u>March 13, 2015</u>                   /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE